**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREW STEWART, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. |
| v. | )<br>)<br>) |
| DRIVEN SPORTS, INC., | )<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff Andrew Stewart ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his counsel, brings this Class Action Complaint against Defendant Driven Sports, Inc., ("Defendant" or "Driven Sports"). Plaintiff, on his own behalf and on behalf of a class of similarly situated individuals, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This is a consumer protection class action based on Defendant's failure to disclose the presence of an illegal methamphetamine analog in its "Craze" (or "Product") pre-workout supplement in any of its representations regarding the Product.

2. Driven Sports formulates, markets, labels, and advertises "Craze" as a pre-workout supplement meant to be ingested before exercise in order to boost performance. Plaintiff, and others similarly situated, purchased and ingested "Craze" for this purpose, but were unaware that the Product contained an illegal methamphetamine analog.

3. Plaintiff, and others similarly situated, were induced into buying a product they would not have purchased had complete information – the truth – been disclosed to them.

4. Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased Defendant's "Craze" pre-workout supplement and seeks to halt Defendant's fraudulent and misleading concealments and omissions regarding the Product, and obtain redress for those who have purchased "Craze."

5. Plaintiff alleges that Defendant's conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act and Consumer Fraud Laws similar to that of Illinois under the facts particular to this case, and the Implied Warranty of Merchantability, and seeks recovery on his own behalf and on behalf of the proposed Class defined herein.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members and the members of the Class are citizens of States different from Defendant.

7. This Court has personal jurisdiction over Defendant because Defendant conducts business in Illinois. Defendant has marketed, promoted, distributed, and sold "Craze" in Illinois, and Defendant has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets in this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while he

resided in this judicial district. Venue is also proper under 18 U.S.C. § 1965(a) because Defendant transacts substantial business in this District.

### III. PARTIES

*Plaintiff*

9. Plaintiff is a resident of the State of Illinois. At all relevant times, he resided in Peoria County, Illinois. On, or around, December 26, 2012, Plaintiff purchased a tub of Defendant's "Craze" Pre-Workout supplement for approximately $59.99.

10. "Craze" contains an illegal methamphetamine analog, similar to the highly-addictive psychoactive drug methamphetamine, that is not listed on the label for "Craze." Had Plaintiff known that Craze included an illegal methamphetamine analog, Plaintiff would not have purchased the Product.

*Defendants*

11. Defendant Driven Sports, Inc. is a New York corporation. Its corporate headquarters is located at 1111 Park Lane North, Franklin Square, NY 11010. Defendant manufactures, distributes, markets, and/or sells "Craze" Pre-workout Supplement to tens of thousands of consumers in Illinois and throughout the United States.

### IV. FACTUAL ALLEGATIONS

*The Craze Pre-Workout Supplement*

12. Defendant sells "Craze" pre-workout supplement directly through its website and by distribution to a variety of third-party retailers that sell the Product on a nationwide basis.

13. Craze is available in 9.2 oz. bottles that are marketed as providing 45 servings. The 9.2 oz. tub retails for approximately $59.99.[1]

---

[1] DRIVEN SPORTS INC.'S CRAZE PRODUCT PAGE, http://getds.com/Products/craze (last visited Nov. 6, 2013).

14. On its website, Driven Sports makes numerous claims about how each ingredient in "Craze" boosts a person's performance during a workout.[2] The website details how ingredients such as Trimethyglycine, Creatine, Citrulline, Ascorbic Acid (Vitamin C) and Caffeine purportedly to help improve training, reduce fatigue, and enhances what Defendant's website calls "the mind-muscle connection."[3]

15. Defendant's website does not disclose, however, that its product contains N,α-diethylphenylethylamine ("N,α-DEPEA").

16. N,α-DEPEA is a methamphetamine analog with a potency somewhere between methamphetamine and ephedrine, both of which are banned substances.[4]

17. Defendant also omits the inclusion of N,α-DEPEA from the "Supplement Facts" panel on the Product's labeling, including the ingredient list:

---

[2] *Id*.
[3] *Id*.
[4] Alison Young, *Popular Sports Supplements Contain Meth-Like Compound*, USA TODAY (Oct. 25, 2013), http://www.usatoday.com/story/news/nation/2013/10/14/tests-of-supplements-craze-and-detonate-find-methamphetamine-like-compound/2968041/. *See also* 21 C.F.R. § 119.1 ("[D]ietary supplements containing ephedrine alkaloids are adulterated under section 402(f)(1)(A) of the Federal Food, Drug, and Cosmetic Act."); 21 C.F.R. § 1308.12 (Schedule of Controlled Substances, Schedule II, listing Methamphetamine).

**Supplement Facts**
Serving Size 1 Scoop (5.3 g)
Servings Per Container 45

| Amount Per Serving | | % Daily Value |
|---|---|---|
| Vitamin C (as Ascorbic Acid) | 250 mg | 417% |
| **Kineses Proprietary Blend** | 4580 mg | * |
| Trimethylglycine (Betaine Anhydrous) | | |
| Creatine Monohydrate | | |
| L-Citrulline | | |
| Dendrobex (Dendrobium Extract)(stem) (Concentrated for alkaloid content including Dendrobine, Dendroxine, Dendramine, B-Phenylethylamine, N,N-Dimethyl- B-Phenylethylamine, and N,N-Diethyl-B-Phenylethylamine) | | |
| B-Phenylethylamine HCl | | |
| Citramine (Citrus Reticulata Extract) (fruit) (Concentrated for N-Methyltyramine content) | | |
| Caffeine Anhydrous | | |

* Daily Value not established.

Other Ingredients: Citric Acid, Malic Acid, Natural and Artificial Flavors, Sucralose, Acesulfame Potassium, FD&C Red #40, RD&C Blue #1.







*Defendant's Omissions Fraudulently Induced Plaintiff To Buy "Craze"*

18. On or about December 26, 2012, Plaintiff purchased a tub of "Craze."

19. Plaintiff purchased "Craze" seeking a product with the qualities represented in Defendant's advertising, labelling, and marketing and believed the product had these qualities.

20. Because "Craze's" label omits the presence of N,α-DEPEA, Plaintiff could not have been aware that the Product contained an illegal methamphetamine analog.

21. Thus, Defendant misled Plaintiff, inducing him into purchasing a product that no reasonable consumer would purchase had Defendant disclosed the presence of N,α-DEPEA .

22. Plaintiff and each of the Class members suffered damages in an amount equal to what Plaintiff and the Class paid for the product.

## V. CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of Illinois state laws and similar laws in other states:

**Multi-State Class Action**

> All persons who, within the applicable statute of limitations under their respective state's consumer fraud act,[5] purchased Driven Sport, Inc's "Craze" product.

---

[5] While discovery may alter the following, Plaintiff preliminarily avers that the other states with similar consumer fraud laws under the facts of this case include, but are not limited to: Arkansas (Ark. Code § 4-88-101, *et seq.*); California (Cal. Bus. & Prof. Code §17200, *et seq.* and Cal. Civil Code § 1750, *et seq.*); Colorado (Colo. Rev. Stat. § 6-1-101, *et seq.*); Connecticut (Conn. Gen. Stat. § 42-110, *et seq.*); Delaware (Del. Code tit. 6, § 2511, *et seq.*); District of Columbia (D.C. Code § 28-3901, *et seq.*); Florida (Fla. Stat. § 501.201, *et seq.*); Hawaii (Haw. Rev. Stat. § 480-1, *et seq.*); Idaho (Idaho Code § 48-601, *et seq.*); Illinois (815 ICLS § 505/1, *et seq.*); Maine (Me. Rev. Stat. tit. 5 § 205-A, *et seq.*); Massachusetts (Mass. Gen. Laws Ch. 93A, *et seq.* ); Michigan (Mich. Comp. Laws § 445.901, *et seq.*); Minnesota (Minn. Stat. § 325F.67, *et seq.*); Missouri (Mo. Rev. Stat. § 407.010, *et seq.*); Montana (Mo. Code. § 30-14-101, *et seq.*); Nebraska (Neb. Rev. Stat. § 59-1601, *et seq.*); Nevada (Nev. Rev. Stat. § 598.0915, *et seq.*); New Hampshire (N.H. Rev. Stat. § 358-A:1, *et seq.*); New Jersey (N.J. Stat. § 56:8-1, *et seq.*); New Mexico (N.M. Stat. § 57-12-1, *et seq.*); New York (N.Y. Gen. Bus. Law § 349,*et seq.*);

Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, and those who purchased "Craze" for the purpose of resale.

24. In the alternative, Plaintiff brings this action on behalf of himself and all other similarly situated Illinois residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

### Illinois Class Action
All Illinois residents who, within the applicable statute of limitations, purchased Driven Sport, Inc's "Craze" pre-workout supplement product.

Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors, and those who purchased "Craze" for the purpose of resale.

25. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

26. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendant's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiffs, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-

---

North Dakota (N.D. Cent. Code § 51-15-01, *et seq.*); Oklahoma (Okla. Stat. tit. 15, § 751, *et seq.*); Oregon (Or. Rev. Stat. § 646.605, *et seq.*); Rhode Island (R.I. Gen. Laws § 6-13.1-1, *et seq.*); South Dakota (S.D. Code Laws § 37-24-1, *et seq.*); Virginia (VA Code § 59.1-196, *et seq.*); Vermont (Vt. Stat. tit. 9, § 2451, *et seq.*); Washington (Wash. Rev. Code § 19.86.010, *et seq.*); West Virginia (W. Va. Code § 46A-6-101, *et seq.*); and Wisconsin (Wis. Stat. § 100.18, *et seq.*).

approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

27. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    (a)    Whether the representations discussed herein that Defendant made about "Craze" were or are misleading, or likely to deceive;

    (b)    Whether Plaintiff and the Class members were deceived by Defendant's representations;

    (c)    Whether Defendant's conduct constitutes violations of the laws asserted herein;

    (d)    Whether Plaintiff and Class members have been injured and the proper measure of their losses as a result of those injuries;

    (e)    Whether Plaintiff and Class members are entitled to an award of compensatory/actual damages; and

    (f)    Whether the Plaintiff and Class members are entitled to injunctive or declaratory relief.

28. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above and were subject to Defendant's deceptive and misleading conduct.

29. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to

prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

30. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class members as a whole.

31. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### Violation of the Illinois Consumer Fraud Act, 815 ILCS 502/2

32. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-31 above, as if fully set forth herein.

33. Plaintiff brings this claim individually and on behalf of the Class.

34. As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendant's conduct because he purchased Defendant's dangerous "Craze" pre-workout supplement.

35. In Illinois, the "Consumer Fraud and Deceptive Business Practices Act" 815 Ill. Comp. Stat. 502/2, et seq. ("the Act"), like the consumer fraud acts of numerous other states across the nation, prohibits the "concealment, suppression or omission of any material fact" that is done with the intent of inducing others to rely on that material omission of fact.

36. In the course of conducting business, Defendant committed unfair or deceptive acts and practices by concealing, suppressing, or omitting material facts, as set forth more fully herein.

37. Defendant's concealing, suppressing, and omitting material facts offends established public policy and is an immoral, unethical, oppressive, and unscrupulous business practice that substantially injures consumers and, thusly, constitutes an unfair or deceptive acts or practices under the Act.

38. Plaintiff and other members of the Class have in fact been deceived as a result of their reliance on Defendant's material omissions, as described above. Plaintiff and the other class members suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

39. Additionally, Defendant's conduct is deceptive because it violates the Federal Food, Drug, and Cosmetic Act and its implementing regulations in at least the following ways:

   a. Defendant's omissions violate 21 U.S.C. § 343(a) which considers food misbranded when the label contains a statement that is "false or misleading in any particular […] or material respect."

   b. Defendant's statements violate 21 C.FR. § 101.14(b)(3)(i) which requires substances in dietary supplements to contribute "nutritional value" as

       defined by 21 C.F.R. § 101.14(a)(2)(3) when consumed at levels necessary to justify a claim;

    c.  Omitting N,α-DEPEA from the "Supplement Facts" panel is a violation of 21 C.F.R. § 101.36(d)

    d.  Omitting N,α-DEPEA from the nutrition label also violates 21 C.F.R. § 101.4;

    e.  Defendant's product is an unapproved new drug as defined by 21 U.S.C. § 355(a); and

    f.  Defendant's product is a misbranded drug in violation of 21 U.S.C. §§ 352 and 353.

40.    Defendants have reaped unjust revenue and profits as a result of its deceptions.

41.    Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct.

## COUNT II
### Violation of the Implied Warranty of Merchantability, 810 ILCS 5/2-314

42.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-31 above, as if fully set forth herein.

43.    Plaintiff brings this claim individually and on behalf of the Class.

44.    As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendant's conduct because he purchased Defendant's Product.

45.    In Illinois, the Implied Warranty of Merchantability, 810 ILCS 5/2-314 requires goods to be merchantable with respect to goods of that kind. A product breaches the implied warranty of merchantability if it is not fit for the ordinary purposes for which such goods are used.

46.    To be fit for ordinary purposes, products must fulfill that purpose in a reasonably safe manner.

Defendant's "Craze" pre-workout supplement does not achieve the ordinary purposes of a pre-workout supplement in a reasonably safe manner because it contains N,α-DEPEA.

47. Defendant's product does not is also not merchantable because violates the Federal Food, Drug, and Cosmetic Act and its implementing regulations in at least the following ways:

    a. Defendant's omissions violate 21 U.S.C. § 343(a) which considers food misbranded when the label contains a statement that is "false or misleading in any particular […] or material respect."

    b. Defendant's statements violate 21 C.FR. § 101.14(b)(3)(i) which requires substances in dietary supplements to contribute "nutritional value" as defined by 21 C.F.R. § 101.14(a)(2)(3) when consumed at levels necessary to justify a claim;

    c. Omitting N,α-DEPEA from the "Supplement Facts" panel is a violation of 21 C.F.R. § 101.36(d)

    d. Omitting N,α-DEPEA from the nutrition label also violates 21 C.F.R. § 101.4;

    e. Defendant's product is an unapproved new drug as defined by 21 U.S.C. § 355(a); and

    f. Defendant's product is a misbranded drug in violation of 21 U.S.C. §§ 352 and 353.

48. Plaintiff and putative Class members have incurred damages as a direct and proximate result of Defendant's defective Product and Defendant's breach of the implied warranty of merchantability, in that Plaintiff and the putative Class have paid the purchase price for the un-merchantable product.

49. Plaintiff, on behalf of himself and the putative Class members, are entitled to a refund of the purchase price paid for the Product, consequential and incidental damages, costs and expenses, including attorney fees, an injunction prohibiting Defendants from continuing such practices, corrective advertising, and all other relief this Court deems appropriate.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court enter an Order awarding the following relief:

(a) Certifying this action as a class action—either as a multi-state class or, in the alternative, as an Illinois class;

(b) Awarding compensatory and actual damages, including restitution and disgorgement of Defendant's revenues to Plaintiff and the other Class members generated from the unlawful practices set forth herein;

(c) Enjoining Defendant from continuing the unlawful practices set forth herein;

(d) Awarding statutory damages to Plaintiff and the other Class members, as provided by the applicable Consumer Fraud Acts;

(e) Awarding attorneys' fees and costs to Plaintiff and the other members of the Class; and

(f) Such other and further relief as the Court deems just and proper.

Dated: December 10, 2013

Respectfully submitted,

ANDREW STEWART, individually and on behalf of all others similarly situated

By:_____
One of the Attorneys for Plaintiff
And the Proposed Putative Class

-15-

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

4813-5905-3847, v. 2